UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DIGITAL LENDING SERVICES US CORP., <br><br>                                              Plaintiff, <br><br> -against- <br><br> SUMMER ENERGY, LLC, and SUMMER ENERGY HOLDINGS, INC., <br><br>                                              Defendants. | Civil Action No. 1:24-cv-04219-VSB |

**STIPULATED PROTECTIVE ORDER**
**GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIALS**

IT IS HEREBY STIPULATED AND AGREED, by and among (a) Plaintiff Digital Lending Services US Corp., (b) Defendants Summer Energy, LLC and Summer Energy Holdings, Inc., and (c) any other persons or entities who become bound by this Stipulated Protective Order Governing Confidentiality of Discovery Materials (the "Order") by signifying their assent through execution of the Acknowledgment and Agreement to Be Bound by the Protective Order (the "Agreement") attached hereto as Exhibit A (each of (a) through (c) individually, a "Party," and, collectively, the "Parties"), that:

**1.     Scope**. All materials produced or adduced during discovery, including initial disclosures, responses to discovery requests, responses to subpoenas, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.     Definitions**.

**(a)**    "Producing Party" shall mean a Party that produces documents in connection with the action.

**(b)**    "Receiving Party" shall mean a Party that receives documents in connection with the action.

**(c)**    "Designating Party" shall mean a Producing Party that designates documents that it produces in connection with the action as Confidential Information in accordance with the provisions set forth herein.

3.    **Confidential Information**. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the Producing Party (including parties to this action and non-parties producing information pursuant to a subpoena in this action) that falls within one or more of the following categories:

**(a)**    information prohibited from disclosure by statute;

**(b)**    information that reveals trade secrets;

**(c)**    research, technical, commercial or financial information that the Party has maintained as confidential;

**(d)**    previously nondisclosed business plans, product development information, or marketing plans;

**(e)**    medical information concerning any individual;

**(f)**    personal identity information;

**(g)**    income tax returns (including attached schedules and forms), W-2 forms and 1099 forms;

**(h)**    personnel or employment records of a person who is not a Party to the case; or

      **(i)**    any document or thing which the Producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and the applicable local rule(s).

    **4.**    **Public Information**. Notwithstanding anything to the contrary contained herein, Confidential Information do not include information that (1) is or becomes available to the public other than as a result of disclosure by a Party, person, or entity in breach of this Order; or (2) becomes available to a Receiving Party on a non-confidential basis from a source other than the other Parties hereto, provided that such source is not bound by a confidentiality agreement with or other contractual, legal, or fiduciary obligation of confidentiality to any other Party hereto with respect to such information.

    **5.**    **Designation**.

      **(a)**    A Party may designate a document as Confidential Information for protection under this Order by placing or affixing the word "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" include electronic images, duplicates, extracts, summaries or descriptions that contain Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

**(b)** The designation of a document as Confidential Information is a certification by an attorney or a Party appearing pro se that the document contains Confidential Information as defined in this order.

6. **Depositions.** A Party may designate deposition testimony or exhibits as Confidential Information. The person desiring to designate any portion of a deposition as Confidential may do so on the record while the deposition is being taken, either personally or through counsel. Additionally, any Party may designate portions of the transcript of any deposition (or any other testimony) as containing Confidential Information in accordance with this Order by notifying the opposing Party in writing, within thirty (30) days of receipt of the final transcript, that it contains Confidential Information and specifying the specific page(s) and/or line(s) that should be designated as Confidential. All deposition transcripts and exhibits shall be treated as Confidential and subject to this Order until thirty (30) days after the final transcript is received, unless otherwise agreed.

7. **Protection of Confidential Information**.

**(a)** **General Protections**. Confidential Information shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation and any appeal thereof.

**(b)** **Limited Disclosures of Confidential Information**. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(10) of this subsection (b). Before disclosing Confidential Information to any third person or entity set forth in subparagraphs (7)-(10) of this subsection (b), counsel for a Party shall ensure that such third person or entity agrees to the terms of this Order and executes the Acknowledgment and Agreement to Be Bound

by the Protective Order set forth in Exhibit A. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

    i.    **Counsel**. In-house and outside counsel for the Parties and employees of counsel who have responsibility for the action.

    ii.    **Parties**. Individual Parties and employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.

    iii.    **The Court and its personnel.**

    iv.    **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions.

    v.    **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

    vi.    **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation).

    vii.    **Witnesses or Prospective Witnesses.** Witnesses or prospective witnesses, but only to the extent necessary to prepare said witness(es) for the litigation or trial of this action, and only after such person(s) have completed the certification contained in Exhibit A.

    viii.    **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents, and only after such person(s) have completed the certification contained in Exhibit A.

    ix.    **Consultants and Experts**. Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Exhibit A.

    x.    **Others by Consent**. Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed

or ordered, and only after such person(s) have completed the certification contained in Exhibit A.

**(c)** **Control of Documents.** Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

8. **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a Party designates a document as Confidential Information within a reasonable time after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a reasonable period of time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

9. **Filing of Confidential Information.** Any Party who seeks to file with the Court any document that has previously been designated by a Designating Party, or any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall either (a) obtain the Designating Party's permission to file such materials in the public record, or (b) seek leave of the Court to file the document under seal pursuant to the procedures for filing documents under seal set forth in this Court's Individual Rules and Practices in Civil Cases. If a Party believes that documents designated as Confidential cannot or should not be sealed, pursuant to the

procedures and rules of this Court, then the Party wishing to file the materials shall particularly identify the documents or information that it wishes to file in the public record to the Designating Party, in writing. The Parties will then meet and confer, in a good faith effort to resolve the dispute. Failing agreement, the Party wishing to file the materials must request a ruling pursuant to the procedures for filing documents under seal set forth in this Court's Individual Rules and Practices in Civil Cases on whether the Confidential Information in question must be submitted under seal. The Designating Party shall have the burden of justifying that the Confidential Information must be submitted under seal. Absent written permission from the Designating Party or a Court order denying a motion to seal, a receiving Party may not file in the public record any Confidential Information. The Parties acknowledge that nothing in this Order purports to authorize the Parties to file documents under seal without a prior Court order.

   **10.** **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an order providing such special protection.

   **11.** **Challenges by a Party to Designation**. The designation of any material or document as Confidential Information is subject to challenge by any Party. A Receiving Party shall not be obligated to challenge the propriety of the Producing Party's designations of any Confidential Information at the time such designation is made, and failure to do so shall not constitute an admission or concession or permit an inference that the Confidential Information has bene properly designated as such. The following procedure shall apply to any such challenges to designation of any material or document as Confidential Information.

**(a)** **Meet and Confer.** A Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within five (5) business days.

**(b)** **Judicial Intervention.** In the event a Party's challenge to a designation remains unresolved following a meet and confer pursuant to Paragraph 11(a), the challenging Party may seek judicial intervention within thirty (30) days of the meet and confer according to the following procedure: Should counsel find they are unable to resolve a dispute relating to a protective order, the Parties involved in the dispute shall contact the Court's Case Manager to schedule a hearing. Unless otherwise ordered, by no later than seventy-two (72) hours prior to the hearing, the Party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than forty-eight (48) hours prior to the hearing, any Party opposing the application for relief may file a letter, not to exceed three pages, outlining that Party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court. Until the Court rules on any challenge to a designation, all Parties shall continue to treat the subject materials as Confidential Information under the terms of this Order.

**(c)** In the event judicial intervention is sought by motion, each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such

challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all Parties shall continue to treat the materials as Confidential Information under the terms of this Order.

**12.    Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be made pursuant to the procedure set forth in Paragraph 11(b) above. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**13.    Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and Designating or Producing Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**14.    Other Proceedings.** By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court or tribunal from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Order who becomes subject to a subpoena, motion or order to disclose another Party's information designated as Confidential pursuant to this Order shall promptly notify that Designating Party of the subpoena, motion or order in accordance with Paragraph 15 so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

**15. Confidential Information Subpoenaed or Ordered Produced in Other Proceedings**.

**(a)** If a Receiving Party herein is served with a subpoena, motion or court order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the Receiving Party must so notify the Designating Party, in writing, no more than five court days after receiving the subpoena motion or court order. Such notification must include a copy of the subpoena, motion or court order.

**(b)** The Receiving Party who is subject to the subpoena, motion or court order must also inform in writing the Party who caused the subpoena, motion or court order to issue in the other litigation that some or all the material covered by the subpoena, motion or court order is the subject of this Order. In addition, the Receiving Party who is subject to the subpoena, motion or court order must deliver a copy of this Order promptly to the Party seeking the designated material in the other action that caused the subpoena or court order to issue.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody or control of Confidential Information by the other Party to this case.

16. **Obligations on Conclusion of Litigation**.

    **(a)** **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    **(b)** **Obligations at Conclusion of Litigation.** Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" under this Order, including copies as defined in Paragraph 5, shall be returned to the Producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Receiving Party destroys documents containing Confidential Information and certifies the fact of destruction, provided that the Receiving Party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports; or (3) as to documents bearing the notations, summations, or other mental impressions of the Receiving Party, that Party elects to destroy the documents and certifies to the Producing Party that it has done so.

    **(c)** **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain: (1) attorney work product, so long as that work product does not duplicate verbatim substantial portions of Confidential Information; and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

  **(d)**   **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

  17.   **Inadvertent Disclosures**. In accordance with Rule 502 of the Federal Rules of Evidence, if a Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter, in this Action, or in any other federal or state proceeding. If a Producing Party makes a claim of inadvertent disclosure, upon written request of the Producing Party, the Receiving Party shall, within three (3) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a confirmation by counsel that all such information has been returned or destroyed.

  18.   **Substantial Completion**. The Parties shall make good faith efforts to substantially complete the production of documents and information in response to any Requests for Production, subject to the Parties' responses and objections, by November 1, 2024. The Parties will produce documents on a rolling basis to meet the November 1, 2024, substantial completion date.

  19.   **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

  20.   **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material

designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

      21.    **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**[SIGNATURES ON NEXT PAGE]**

DATED: ___9/27/2024___         _____
                                                        Vernon S. Broderick
                                                        United States District Court Judge

| | |
|---|---|
| Dated: New York, New York<br>       September 26, 2024 | Dated: Houston, Texas<br>       September 26, 2024 |
| FOLEY & LARDNER LLP | DOBROWSKI STAFFORD & PIERCE LLP |
| */s/ Sara P. Madavo*<br>Sara P. Madavo, Esq.<br>Katherine R. Catanese, Esq.<br>Benjamin I. Bassoff, Esq.<br>90 Park Avenue<br>New York, New York 10016<br>Telephone: (212) 682-7474<br>Facsimile: (212) 687-2329<br>smadavo@foley.com<br>kcatanese@foley.com<br>bbassoff@foley.com<br><br>*Attorneys for Plaintiff Digital Lending US Corp.* | */s/ Thomas DeBauche*<br>Thomas "Tal" DeBauche<br>Paul J. Dobrowski<br>4601 Washington Avenue, Suite 300<br>Houston, Texas 77007<br>Phone: (713) 659-2900<br>Fax: (713) 659-2908<br>tdebauche@doblaw.com<br>pjd@doblaw.com<br><br>*Attorney for Defendants* |

**Exhibit A**

## ACKNOWLEDGMENT AND
## AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER

I, _____ , acknowledge that I have read and understand the Stipulated Protective Order Governing Confidentiality of Discovery Materials (the "Protective Order") in this action governing the non-disclosure of those portions of documents that have been designated as Confidential. I agree that I will not disclose such Confidential Information to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

By: _____

Dated: _____